ROSS, EXECUTRIX, v. HORMELL ET AL.

*Wills—Distribution of residuum—Legatees take per capita and not per stirpes.*

Where an examination of the entire will discloses testator's endeavor to make distribution to his nieces, nephews, grandnieces and grandnephews in approximately equal amounts per capita, the residuum clause of his will, bequeathing the residue "to Lucy Ross, Mary E. Ross [grandnieces] and the Hormell and Carothers legatees [nieces, grandnieces and nephews, 17 in number] mentioned in Items 6 and 7 of this will share and share alike or about 17 shares," will be construed as bequeathing to each of the 19 legatees included therein one-nineteenth of the residuary estate.

(Decided November 26, 1923.)

APPEAL: Court of Appeals for Warren county.

*Mr. Howard W. Ivins*, for plaintiff.
*Mr. P. H. Rue*, for defendants.

BUCHWALTER, J. The action is for the construction of certain items in the will of William H. Newport, deceased.

In the Court of Common Pleas a construction was asked on a number of different items in the will, all of which, save and except Item 15, were so construed by the court as to meet with the approval of all parties concerned.

Upon hearing in this court the construction of Item 15 is the only question presented by counsel. That item is as follows:

Wills, 40 Cyc. pp. 1483, 1488.

"Item 15. Then if there shall be surplus funds left in hands of my Executrix or Executors as it may be from any cause after paying all expenses & special bequests I ask that such surplus be paid to Lucy Ross, Mary E. Ross, and the Hormell and Carothers legitees mentioned in Item 6 and 7 of this Will share and share alike or about 17 shares."

The will was in the handwriting of the decedent, who was almost eighty years of age, and, while it shows that he must have spent considerable time in its preparation, the language, spelling and punctuation in the items do not indicate that he was skilled in the drafting of such a document.

An examination of the entire will discloses an endeavor by the testator to make distribution to his grandnieces and grandnephews in an approximately equal amount per capita. The same endeavor is apparent as between the nieces and nephews. After making bequests to all of his relatives and friends for whom he particularly desired to provide, he turns to the disposition of the residue, if any there should be. He names Lucy and Mary E. Ross, as he had named them in Item 8. He names the Hormell legatees, as he had named them in Item 7, and the Carothers legatees, as named in Item 6. There were quite a number of them, ten of the Hormells and seven of the Carothers. In Item 8 of the will, wherein Lucy and Mary E. Ross were named, he could not name them solely by referring to that item, as in the case of the Hormells and Carothers, as there were fifteen persons named therein. He has concluded to give any residue to the two Ross sisters, who were his grandnieces, to Eva Hormell, a niece, and

each of her living children, nine in number, who were his grandnieces and grandnephews, to the children of Elizabeth S. Carothers, four in number, who were his nieces, and to the children of Mary E. Wires, three in number, who were the grandnieces and grandnephew of the testator, Mary E. Wires having been one of the children of Elizabeth S. Carothers. To have named all of these persons individually would have required the insertion of the names of nineteen beneficiaries. However, by the method employed, he designated with sufficient clearness all whom he desired to share in the residue.

The only question involved is as to the portion each of these beneficiaries is to receive.

In the prior items of the will the Ross sisters had each received $500; the niece, Eva Hormell, $2,000, and each of her nine living children, grandnieces and grandnephews, $500, the nieces in the Carothers family had received $1,000 each, and the grandnieces and grandnephews, $333 each. So that the nieces in each instance received more than grandnieces and grandnephews, who were all remembered equally, except the children of Mary E. Wires, who received a slightly reduced bequest.

The entire will showed the testator's desire to bequeath almost similar amounts per capita to all of those of equal relationship to him. Yet it is true that in the residuary clause, the nieces take an equal portion with the grandnieces and grandnephews.

It is contended by Lucy Ross and Mary E. Ross that the division should be one-third to each of them, and one-third to the Hormell and Carothers

legatees. It would have been most simple to have so designated had the testator so intended. To designate without stating the individual names of certain legatees he referred to those named in other items of the will. Had he named them all individually, instead of designating them as certain legatees, and had he used the same punctuation as is found in Item 15, we do not consider there would have been any question raised as to the intention of the testator if the clause had not contained the words "or about 17 shares." Does the addition of the words, "or about 17 shares," so change the meaning of this item as to give to Lucy and Mary E. Ross a one-third interest each?

The punctuation in the will is not accurate, and, as above stated, is of little moment.

In using the words, "or about 17 shares," the testator referred either to what he considered to be the number of all persons mentioned in this item, or to the persons comprising the Hormell and Carothers legatees.

It has been pointed out that there were just seventeen of the Hormell and Carothers legatees. If he referred to all of the persons mentioned, then it would appear that he considered that there were about seventeen in number and all were to share alike. If he referred only to those who were of the Hormell and Carothers connections, who were not individually named, he designated they were to receive seventeen shares. Seventeen shares of what? Hardly of one-third of the residue. If this were so then the Ross sisters would each receive seventeen shares of the residue.

Our conclusion is, that if the term "or about 17

shares'' refers to the Hormell and Carothers legatees he intended each of them to receive a share and each of the Ross sisters to have one equal share.

It seems clear that he intended each of these individuals to receive an equal share with Lucy Ross and Mary E. Ross since the language is "share and share alike."

We find that the residuum should be divided into nineteen parts; that Lucy Ross and Mary E. Ross should each receive one part, or one-nineteenth of the whole; that the Hormell legatees and the Carothers legatees should each receive one part, or one-nineteenth of the residuary estate.

A similar decree may be entered as was entered in the Court of Common Pleas.

*Decree accordingly.*

CUSHING and HAMILTON, JJ., concur.